**Robert P. LOWE, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1181 A 334.**

Court of Appeals of Indiana,
First District.

April 6, 1982.

---

Lawrence J. Brodeur, Bloomington, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

Defendant-appellant Robert P. Lowe was convicted of leaving the scene of a property damage accident by the Monroe Superior Court, Small Claims—Misdemeanor Division, in a bench trial. From a penalty of a fine, costs and a suspended ten-day sentence, he appeals.

We reverse.

## STATEMENT OF THE FACTS

The evidence most favorable to the judgment discloses that in the early morning hours of January 7, 1981, Bloomington Police Officer John Pickel found an orange Saab which had struck an electric light pole located two feet away from the roadway at the intersection of Third Street and Woodlawn in Bloomington. No person or keys were found in the car. There was no evidence that another vehicle or another's property was involved, and there was no

evidence whatever of damage to the pole, or who owned it. There was evidence of some minor damage to the Saab. Lowe was charged as follows:

> "[W]hile operating a motor vehicle, fail to immediately stop his or her vehicle at the scene of the accident or as close thereto as possible and fail to comply with the requirements of I.C. 9–4–1–42 through I.C. 9–4–1–44 *after being involved in an accident resulting in injury to the property of another* [Class B Misdemeanor], [I.C. 9–4–1–40]" (Emphasis added.)

There was no evidence of non-compliance with Ind.Code 9–4–1–42 through Ind.Code 9–4–1–44.

## ISSUES

Lowe raises two issues on appeal, as follows:

  I.  Illegal search and seizure of car keys from his person; and

  II.  Was the decision of the trial court supported by sufficient evidence.

We shall discuss only Issue II, as it is dispositive.

## DISCUSSION AND DECISION

The charge in the information is based upon Ind.Code 9–4–1–40 (Supp.1980) which reads as follows:

> "(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or injury to property shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, and shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 42, 43, or 44 of this chapter. Every such stop shall be made without obstructing traffic more than is necessary.
>
> (b) A person who fails to stop or comply with the requirements of section 42, 43, or 44 of this chapter after causing injury to or death of any person commits a Class A misdemeanor. A person who fails to stop or to comply with those requirements after damaging the property of another commits a Class B misdemeanor."

Insomuch as Ind.Codes 9–4–1–42 and 9–4–1–43 apply to damaging occupied and unoccupied vehicles, the requirements to be fulfilled are by necessity (and such is conceded by the State) governed by Ind.Code 9–4–1–44 (Supp.1980), which reads as follows:

> "(a). The driver of any vehicle which causes damage to real or personal property of another (other than a vehicle) shall take reasonable steps to locate and notify the owner or person in charge of such property of such fact and of his name and address and of the registration number of the vehicle he is driving and shall upon request exhibit his driving license and shall make report of such accident when and as required in section 46 of this chapter; and, if after reasonable inquiry, the owner or person in charge of such property cannot be found, the driver of the motor vehicle causing such damage shall notify the sheriff of the county in which such damaged property is located or a member of the Indiana state police, giving such sheriff or member of the Indiana state police the same information which he is required by this subsection to give the owner or person in charge of such damaged property."

▮▮▮ Lowe argues that the evidence is insufficient to prove that he (1) was driving the Saab at the time of the accident, or (2) that he failed to comply with Ind.Code 9–4–1–44. By the wording of the statute, we observe there is no requirement that a person comply with Ind.Code 9–4–1–40 or Ind. Code 9–4–1–44 unless there is *damage to the property of another.* These statutes contain the following elements of this offense: (1) Involvement in a motor vehicle accident; (2) which causes damage to the property of another (not a motor vehicle in this instance), and (3) failure to stop or comply with Ind.Code 9–4–1–44.

▮▮▮ The information only specifies damage to the property of another, without stating what property was damaged or who owned it. The evidence is likewise silent as to what property was damaged, who owned

it, and the damage which the State relied upon to prove its charge. In fact, the subject was not mentioned. Therefore, in the absence of damage to property of another, Lowe was under no duty to comply with the statute. The State made no mention in its presentation of evidence of Lowe's compliance or noncompliance with Ind.Code 9–4–1–44. The Saab was found in the "early hours of the morning." There was no showing that he did or did not make a reasonable attempt to locate the owner, or even had time to comply with the statute. The State made no attempt in its brief to meet the above arguments. We agree that the State failed to present some evidence on each element of the charge, and has therefore not sustained its burden of proof.

For the above reason this cause is reversed, and the trial judge is directed to enter judgment for Lowe.

Reversed.

RATLIFF, P. J., and ROBERTSON, J., concur.