**Michael KINGSTON, Appellant
(Defendant Below),**

**v.**

**STATE of Indiana, Appellee
(Plaintiff Below),**

**Michael DUCKWORTH, Appellant
(Defendant Below),**

**v.**

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 1–1284A298.

Court of Appeals of Indiana,
First District.

July 9, 1985.

Rehearing Denied Aug. 7, 1985.

Charles L. Berger, Evansville, for appellants.

Linley E. Pearson, Atty. Gen. of Ind., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendants-appellants Michael Kingston (Kingston) and Michael Duckworth (Duckworth) appeal from the judgment convicting Kingston of false reporting and leaving the scene of an accident and convicting Duckworth of false reporting.

We affirm in part and reverse in part.

Kingston and Duckworth, deputies for the Vanderburgh County Sheriff's Department, were driving an unmarked squad car on the night of October 4, 1983. They drove through a red light, struck a traffic signal pole and hit two parked cars.

During a routine investigation by the Evansville Police Department, Kingston and Duckworth stated that they inadvertently hit the parked cars while pursuing a vehicle which had struck a traffic signal pole. Later, Kingston and Duckworth admitted that their statement was false. In a subsequent tape-recorded statement, Kingston and Duckworth explained that Kingston lost control of their vehicle, hit a traffic signal pole, and fled the area. In their flight, they hit two parked cars.

Kingston and Duckworth were prosecuted pursuant to an Information charging them with obstruction of justice and charging Kingston individually with leaving the scene of an accident. Kingston and Duckworth were convicted of false reporting, and each was given a six month suspended sentence. Kingston was convicted of leaving the scene of an accident. His sentence was suspended on the condition that he pay restitution to the owners of the parked cars and the Indiana State Highway Department.

Two issues are dispositive of this appeal: 1) Whether the trial court erred by finding Kingston and Duckworth guilty of the offense of false reporting; and 2) whether the trial court erred by giving Kingston a sentence in which he was ordered, as a condition of probation, to pay restitution to the owners of the parked cars and to the highway department.

ISSUE ONE:

■ Kingston and Duckworth contend that they could not be convicted of false reporting, because false reporting is not a lesser included offense of the offense charged in the information. Two types of included offenses are found in our case law. *Jones v. State*, (1982) Ind., 438 N.E.2d 972; *Roddy v. State*, (1979) 182 Ind.App. 156, 394 N.E.2d 1098. The "inherently included lesser offense" exists when, by virtue of the legal definitions of the two offenses, it is impossible to commit the greater offense without first committing the lesser. *Roddy, supra* at 167, 394 N.E.2d at 1106. The test for inherently included lesser offenses is as follows:

[T]o be necessarily [inherently] included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without first committing the lesser. This being true, the court is compelled to hold that if a party is charged with a given crime, he cannot be convicted of a crime of lesser magnitude ... unless conviction of the crime charged necessitates proof of all essential elements of the lesser offense....

*Watford v. State*, (1957) 237 Ind. 10, 15, 143 N.E.2d 405, 410.

■ Thus, to determine whether an offense is an inherently included lesser offense, a court must examine the statutes creating the alleged greater and lesser of-

fenses. Kingston and Duckworth were charged with obstruction of justice. IND. CODE § 35–44–3–4(a)(4) (1982) provides:

A person who: (4) makes, presents, or uses a false record, document, or thing with intent that the record, document, or thing, material to the point in question, appear in evidence in an official proceeding or investigation to mislead a public servant ... commits obstruction of justice, a Class D felony.

Kingston and Duckworth were convicted of false reporting, an offense defined in IND.CODE § 35–44–2–2(b) (1982):

A person who: (1) gives a false report of the commission of a crime or gives false information in the official investigation of the commission of a crime, knowing the report or information to be false ... commits false informing, a Class B misdemeanor.

An examination of the two statutes indicates that it is possible to commit obstruction of justice without first committing false reporting. False reporting is committed only in the context of a *criminal* investigation. However, obstruction of justice may be committed in contexts other than a criminal investigation. Obstruction of justice is committed when a person intends a false record to appear in evidence in *any* official proceeding or investigation. Therefore, false reporting is not an inherently included lesser offense of obstruction of justice.

 The second type of included offense is the "possibly included lesser offense." The possibly included lesser offense exists when, by virtue of the allegations contained in the charging instrument, a lesser offense is also charged and hence included. *Jones, supra*, at 974. To determine whether an offense is a possibly included lesser offense, a court must examine the factual allegations contained in the charging instrument. *Roddy, supra*, 182 Ind.App. at 168, 394 N.E.2d at 1106.

 The Amended Information filed against Kingston and Duckworth included the following allegations:

[Kingston and Duckworth] did make and present a false supplementary report ... with the intent that said report appear in evidence in the official investigation of certain accidents in order to mislead officers of the Vanderburgh County Sheriff's Department [sic] and the Evansville Police Department....

The Amended Information did not allege that the false report was made in the official investigation of the commission of a crime. The Information referred only to the investigation of certain accidents. Because the elements of false reporting were not charged within the body of the Information, false reporting was not a possibly included lesser offense. *See Jones, supra*, at 975.

In the instant case, the offense of false reporting was neither an inherently included lesser offense nor a possibly included lesser offense. Therefore, Kingston and Duckworth could not be convicted of false reporting, and the judgment of conviction is reversed.

ISSUE TWO:

 Kingston, convicted of leaving the scene of an accident, argues that the trial court erred by giving him a sentence in which he was ordered, as a condition of probation, to pay restitution to the owners of the parked cars and to the highway department. As a condition of probation, a court may require a person to make restitution or reparation to the victim of his crime for the damage that was sustained. IND. CODE § 35–38–2–2(a)(5) (Supp.1984). Kingston asserts that the highway department and the owners of the parked cars were not victims of the crime of leaving the scene of an accident. Focusing upon the chronology of events, Kingston emphasizes that the property damage sustained by the highway department occurred before he committed the crime of leaving the scene of an accident, and the damage sustained by the car owners occurred after Kingston left the scene of the accident at the stop light. Therefore, Kingston reasons that he could

not be ordered to pay restitution to the highway department and car owners.

Kingston's argument is unpersuasive. When the crime is leaving the scene of an accident, clearly one victim of that crime is the person who suffered personal injury or property damage as a result of the accident. *See Lowe v. State,* (1982) Ind.App., 433 N.E.2d 798 (to commit offense there must be involvement in motor vehicle accident which causes property damage to another). It is equally apparent that any persons who sustained property damage as a result of the driver's flight are victims of his crime of leaving the scene of an accident; those individuals would not have been injured had the driver stopped at the site of the initial accident. Accordingly, the state highway department and the owners of the parked cars were victims to which Kingston could be ordered to make restitution. The trial court did not abuse its discretion by ordering Kingston, as a condition of probation, to pay restitution to the owners of the parked cars and the Indiana State Highway Department.

Affirmed in part, reversed in part.

RATLIFF, P.J., and NEAL, J., concur.