Patti POLEN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 19A04–9008–CR–362.

Court of Appeals of Indiana,
Fourth District.

Sept. 25, 1991.

Joseph L. Verkamp, Verkamp & McConnell, Jasper, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Patti Polen (Polen) appeals the trial court's restitution order as a condition of her probation.

We reverse.

Polen presents the following restated issues for our review:

1. whether the trial court erred in ordering restitution in an amount greater than the damages caused by the crimes to which Polen pled guilty;

2. whether the trial court erred in ordering restitution without first inquiring into Polen's ability to pay, and

3. whether the court's restitution order is supported by the evidence.

Because we reverse, we discuss only the first two issues, which are dispositive of this appeal.

Polen served as clerk-treasurer of Birdseye, Dubois County, from January, 1984, to November, 1987. Because of problems with the town's accounts, the town board requested the State Board of Accounts to conduct an audit. The audit revealed poor financial management during Polen's tenure, as well as failure to follow statutory procedures, failure to forward town payments on debts which resulted in penalties, shortages in accounts, and instances where Polen wrote unauthorized checks to herself.

A Grand Jury returned a 22 count indictment against Polen in May, 1988. Some charges were dismissed due to statutes of limitation; others were dismissed for failure to state a crime. By a plea agreement in February, 1990, Polen pled guilty to five of the remaining 11 counts, with the court to determine whether a sufficient factual basis existed on a sixth. The agreement also provided both the State and Polen would be allowed to present evidence as to the propriety of restitution.

Following the guilty plea hearing, the court accepted 5 of Polen's guilty pleas, and determined the factual basis was insufficient on the sixth. The court then sentenced Polen, in April, 1990, pursuant to the plea agreement, to 6 years incarceration, suspended, and placed her on supervised probation for 10 years. The court also ordered Polen to pay restitution in the amount of $42,899.85, with a determination of how this amount should be paid to be made after the court received the Probation Officer's recommendation. Polen appeals.

Additional facts as necessary appear below.

■ Polen contends the trial court erred in ordering restitution in an amount greater than the damages caused by the crimes to which she pled guilty. She maintains IND.CODE 35–38–2–2 allows the court to order restitution only for crimes to which a defendant either pleads guilty or is found guilty by trial. Polen cites to *Hipskind v. State* (1988), Ind.App., 519 N.E.2d 572, *trans. denied,* and further contends restitution should be limited to the crimes to which she pled guilty, absent any agreement to restitution or admission of damages in a greater amount. Thus, Polen asserts those portions of the trial court's restitution order covering crimes to which

she did not plead guilty, of which she was not convicted, or did not agree to repay as restitution, are contrary to law. We agree.

Indiana precedent is sparse in the area of restitution. Both Polen and the State cite *Hipskind* to support their position. In *Hipskind,* the court compared IC 35–38–2–2(a)(5) with the federal probation statute, 18 U.S.C. § 3651, now repealed, analyzed federal case law, and addressed the question of whether restitution could be ordered for uncharged crimes. In concluding it could not, our Third District touched upon, but did not answer, the issue we address today.

Our discussion is buttressed by a recent pronouncement from the United States Supreme Court on the issue of restitution found in *Hughey v. United States* (1990), 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408. In *Hughey,* the Court held an award of restitution under the Victim and Witness Protection Act, 18 U.S.C. §§ 3579 and 3580, now [Miscellaneous Sentencing Provisions] §§ 3663 and 3664, is authorized only for the loss caused by the specific conduct which forms the basis for the offense of conviction.[1]

In *Hughey,* pursuant to a plea agreement Hughey pled guilty to using one unauthorized MBank credit card. Under the restitution portion of the Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3579 and 3580, now §§ 3663 and 3664, the District Court ordered Hughey to pay restitution of $90,431, the total of MBank's losses relating to Hughey's alleged theft and use of 21 cards from numerous MBank cardholders. The Supreme Court held "the language and structure of the Act make plain Congress' intent to authorize an award of

restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." 110 S.Ct. at 1981.

Although the statutory provisions are not exactly the same, we will apply the *Hughey* reasoning and theory to the instant case.

The relevant terms of Polen's plea agreement are as follows

(1) The Defendant states:

   *    *    *    *    *    *

(b) That she desires to enter a plea of guilty to 19C01–8805–CF–45, Count VII, Official Misconduct, Class A Misdemeanor; Count VIII, Official Misconduct, Class A Misdemeanor; Count IX, Official Misconduct, Class A Misdemeanor; Count X, Failure to Make Timely Deposit, Class B Felony; Count XI, Failure to Make Timely Deposit, Class B Felony; and Count XII, Failure to Make Timely Deposit, Class B Felony, with the understanding that the Court shall determine whether a sufficient factual basis exist [sic] for the finding of guilt in Count XII pursuant to the provision of paragraph (2)(d) hereafter.

(2) The State of Indiana, by its Prosecuting Attorney for the 57th Indiana Judicial Circuit, states:

   *    *    *    *    *    *

(e) *That there is no agreement as to the issue of restitution, other than it is agreed that each side shall be allowed to present evidence regarding said issue for the Court to decide.*

(f) That the State shall dismiss Counts XIII, XIX, XX, XXI and XXII and shall not appeal the Court's dismissal of

---

**1.** 18 U.S.C. § 3663 provides for orders of restitution and states in pertinent part:

(a)(1) The court, when sentencing a defendant convicted of an offense under this title [Crimes and Criminal Procedure] or under subsection (h), (i), (j), or (n) of section 902 of the Federal Aviation Act of 1958 (49 U.S.C. 1472), may order, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense.

For comparison, IC 35–38–2–2(a)(5) provides in pertinent part:

As a condition of probation, the court may require a person to ...

  *   *   *   *   *   *

Make restitution or reparation to the victim of his crime for the damages or injury that was sustained ...

(This provision has since been amended to read, "Make restitution or reparation to the victim of the crime for damage or injury that was sustained by the victim.")

Counts II, IV, VI, XIV, XV, XVI, XVII, and XVIII. (Emphasis added).

Here, the disputed plea agreement provision is 2(e). Polen contends the intent of the paragraph is to allow restitution for the crimes to which she pled guilty, not to the charges the State agreed to dismiss in exchange for the plea. Specifically, at her plea hearing Polen voiced her objection to the State's presentation of evidence on the counts to which she did not plead guilty. (R. 794). *Hughey, supra,* supports her position. Further, the trial court memorialized her intention with the following statement

So lest someone get the idea that Patti Polen has come into this court and pleaded guilty to taking $50,000.00, I want to make it clear that she has pleaded guilty only to taking the total sum of $241.70 and even that is not necessarily .. uh .. to say that she wasn't entitled to it, but that .. uh .. she didn't follow the proper procedures .. didn't obtain the consent of the town board in paying herself those amounts....

(R. 797–798).

Following the reasoning in *Hughey,* it is clear the trial court erred by ordering restitution in an amount greater than the sums involved in those crimes to which she actually pled guilty.[2]

We next address Polen's second issue, to clarify this matter in further proceedings. Polen contends the trial court did not hold a hearing to determine whether she was financially able to pay the restitution. She maintains IC 35–38–2–2(a)(5) requires the court to fix an amount of restitution or reparation which may not exceed an amount the person can or will be able to pay and shall fix the manner of performance when ordering restitution as a condition of probation. Polen argues the fact she was subsequently granted pauper counsel is indicative of her indigent status, thus making the statutory requirement all

the more critical. She cites *Sales v. State* (1984), Ind.App., 464 N.E.2d 1336, as authority for the proposition the trial court must ascertain the defendant's ability to pay before making an order of restitution. Accordingly, she contends because the trial court did not comply with the statute, the restitution order should be set aside. With our determination of the restitution issue in mind, we disagree the trial court erred when it did not hold a hearing on Polen's ability to pay.

In *Sales,* we concluded he was entitled to a hearing on the matter and to modification of the restitution order if it was determined Sales could not meet its terms. However, the sentencing judge in *Sales,* "made no inquiry at all into defendant's financial situation before ordering Sales to pay approximately $2500 in restitution within the year." *Id.,* at 1340.

▇▇▇ True, the trial court must clearly determine the defendant's ability to pay the amount of restitution ordered. *Miller v. State* (1986), Ind., 502 N.E.2d 92, 96. Here, the record shows the court considered the presentence report which indicated Polen, "has held employment in the past and has earned a rather substantial salary and there's no indication whatsoever but what she's able to continue to do that, and therefore, a finding that she's able to make restitution." (R. 34). The record also reveals the court heard evidence from Polen and her husband concerning her employment history and financial status. The presentence report listed assets and liabilities, all held jointly with her husband. The trial court's inquiry into her ability to pay certainly met the statutory requirement. *See Mitchell v. State* (1990), Ind.App., 559 N.E.2d 313, 314–315, *trans. denied.* (the statute is not specific as to the form the court must follow in determining a defendant's financial status, but the court's re-

---

**2.** In *United States v. Duvall* (9th Cir.1991), 926 F.2d 875, the Ninth Circuit Court of Appeals declined to extend *Hughey* to apply to an order of restitution under 18 U.S.C. § 3651, now repealed, which was for an amount greater than the offense of conviction but agreed to by the defendant and imposed as a special condition of probation. 18 U.S.C. § 3651 is the statute the *Hipskind* court compared to our own statute authorizing restitution as a condition of probation. Due to the repeal of § 3651, we decline to base our analysis on those cases interpreting it.

view of the presentence report, as part of the court's records, was adequate).

Polen's argument the court's subsequent decision to grant pauper counsel indicates her indigent status makes the statute particularly important to her situation must also fail. The same contention was rejected by the *Mitchell* court as it stated

> Both determinations [that of ability to pay restitution and eligibility for indigent counsel] are within the sound discretion of the trial court and are very different; the appointment of indigent counsel is to secure the right of representation for the defendant and should not be compared to the punishment after a finding of guilty. Imposition of restitution is a form of punishment and although it may cause some hardship, the trial court has discretion to determine the extent of the hardship and whether the defendant can still subsist after the payments....

*Id.*, at 315. Thus, the trial court's decision not to conduct a hearing on Polen's ability to pay did not constitute error.

Reversed and remanded for modification of the restitution order consistent with this opinion.

MILLER, J. concurs.

CHEZEM, J., concurs in result.