FOR PUBLICATION

ATTORNEY FOR APPELLANT
: 
ATTORNEYS FOR APPELLEE
:

SARAH L. NAGY JEFFREY A. MODISETT

Indianapolis, Indiana Attorney General of Indiana

ROSEMARY BOREK

Deputy Attorney General

Indianapolis, Indiana

IN THE

COURT OF APPEALS OF INDIANA

J.P.B., )

)

Appellant-Respondent, )

)

vs. ) No.  49A04-9803-JV-145

)

STATE OF INDIANA, )

)

Appellee-Petitioner. )

APPEAL FROM THE MARION SUPERIOR COURT

The Honorable James W. Payne, Judge

Cause No.  49D09-9712-JD-6155

February 19, 1999

OPINION - FOR PUBLICATION

RUCKER, Judge

Respondent-Appellant J.P.B. was adjudicated a delinquent following his commission of an act which would be a criminal offense if committed by an adult,
(footnote: 1) namely failure to stop and remain at the scene of an accident resulting in injury or property damage, as a Class B misdemeanor.
(footnote: 2)  He now appeals raising one issue for our review:  whether the trial court erred in ordering him to pay restitution.

The facts are these.  While driving an automobile, J.P.B. struck Jeffrey Sunday's vehicle causing damage to Sunday's vehicle and injuries to passengers in J.P.B.'s automobile.  J.P.B. failed to stop and remain at the scene of the accident.  The State filed a delinquency petition with the juvenile court charging J.P.B. with two counts of failing to stop and remain at the scene of an accident resulting in injury and property damage, and one count of criminal mischief.  Pursuant to a plea agreement, J.P.B. admitted one of the counts of failing to stop in exchange for the State's dismissal of the remaining two counts.  Following a dispositional hearing, the juvenile court adjudicated J.P.B. to be a delinquent child, placed him on probation, and ordered J.P.B. to pay restitution to Jeffrey Sunday in the amount of $1,193.36.  This appeal followed.

J.P.B. contends the trial court erred by requiring him to pay restitution for damage to Sunday's vehicle because "the charges of property damage against him were dismissed, the only evidence presented with regard to his delinquency was the evidence relating to the personal injuries" and "[t]here was no evidence relating to the property damage."  Brief of Appellant at 6.

An order of restitution is a matter within the trial court's discretion, and we reverse only upon a showing of abuse of that discretion.  
Smith v. State
, 655 N.E.2d 133, 134 (Ind. Ct. App. 1995), 
trans. denied
.  An abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.  
Matter of L.J.M.
, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985).  Indiana Code § 31-37-19-5 provides that a juvenile court may order a child "to pay restitution if the victim provides reasonable evidence of the victim's loss, which the child may challenge at the dispositional hearing."  The "victim" is not limited to the person or entity actually subjected to the commission of the crime.   
Reinbold v. State
, 555 N.E.2d 463, 470 (Ind. 1990).  Rather, a "victim" also includes a person who is shown to have suffered an injury, harm or loss as a direct and immediate result of the criminal acts of a defendant.  
Id.

Pursuant to the plea agreement, J.P.B. admitted to the following:

Count 001 Failure to stop after accident, Class B Misdemeanor I.C. 9-26-1-1, 9-26-1-8

On or about the 15th day of December, 1997, said child did operate a motor vehicle, that is:  ford automobile, which struck mercury automobile which is owned by Jeffrey Sunday which caused bodily injury . . . .
(footnote: 3)

R. at 20.  At the initial hearing,  J.P.B. and his attorney had the following colloquy:

MR. SCHROEDER:  I'd like to direct your attention back to December 15, 1997, on that day you were driving an automobile on the streets and roads of Indianapolis, Marion County, Indiana, is that correct?

RESPONDENT:  Yes.

MR. SCHROEDER:  And in the course of driving that automobile, you had an accident, is that correct?

RESPONDENT:  Yes.

MR. SCHROEDER:  And you collided with an automobile, is that correct?

RESPONDENT:  Yes.

MR. SCHROEDER:  And uh, you left the scene of that accident, after causing damage to that car, is that correct?

RESPONDENT:  Yes.

R. at 40-41.  Finding a sufficient factual basis, the court adjudicated J.P.B. to be a delinquent child and dismissed counts two and three.  The court then held a dispositional hearing during which Sunday provided evidence of his loss.

J.P.B. admitted to striking Sunday's vehicle, and Sunday presented evidence of a loss suffered as a direct and immediate result of J.P.B.'s criminal act.  Contrary to J.P.B.'s assertions, the court ordered J.P.B. to pay restitution for the an act clearly supported by the evidence.  We find no abuse of discretion in ordering J.P.B. to pay Sunday restitution.   Therefore, we affirm.

DARDEN, J., concurs.

SULLIVAN, J., concurs in result with opinion.

IN THE

COURT OF APPEALS OF INDIANA

J.P.B., )

)

Appellant-Respondent, )

)

vs. ) No. 49A04-9803-JV-145

)

STATE OF INDIANA, )

)

Appellee. )

SULLIVAN, Judge
, 
concurring in result

J.P.B. pleaded guilty to the count which alleged personal injury rather than property damage.  The charge alleging property damage was dismissed.  Nevertheless, I agree that it was not inappropriate for the trial court to order restitution for the damage caused to Sunday’s vehicle.

In 
Reinbold v. State
 (1990) Ind., 555 N.E.2d 463, 470, 
overruled on other grounds by
 
Wright v. State
 (1995) Ind., 658 N.E.2d 563, 570, our Supreme Court broadly defined the term "victim" under the restitution statutes.  In particular, the Court found that a "victim" could include any person or entity "shown to have suffered injury, harm or loss as a direct and immediate result" of the defendant's criminal acts.  
Id.
  In reaching its conclusion, the 
Reinbold
 court cited with approval, 
Kingston v. State
 (1985) Ind.App., 479 N.E.2d 1356, 1358-59, 
trans. denied
, in which a panel of this court determined that, with regard to the crime of leaving the scene of an accident, both the Indiana State Highway Department and the owners of parked cars, who incurred property damage, could be considered victims for purposes of restitution.
(footnote: 4)  Based upon the rather expansive definition of a victim set forth by those cases, both Sunday, who suffered property damage, as well as J.P.B.'s passengers, who suffered bodily injury, would be entitled to restitution. 

Nevertheless, in 
Polen v. State
 (1991) Ind.App., 578 N.E.2d 755, 
trans. denied
, this court held that a defendant could not be ordered to pay restitution for crimes to which he did not plead guilty.  Because J.P.B. pleaded guilty only to the count involving
 
personal injury in exchange for the State's promise to dismiss the property damage count, it would seem that 
Polen
 would preclude the court from requiring J.P.B. to pay restitution for any property damage to Sunday's vehicle.

Although the holdings in 
Reinbold
 and 
Polen
 appear irreconcilable, I believe they are not necessarily inconsistent and that both can be applied to this case.  Count I, to which J.P.B. pleaded guilty, included facts surrounding the property damage.  Specifically, Count I alleged that J.P.B., while operating a motor vehicle, struck Sunday's vehicle, causing bodily injury to J.P.B.'s passengers.  Thus, by pleading guilty to Count I, J.P.B. admitted that he struck Sunday's vehicle.  As a result, Sunday was a "victim" within the meaning of 
Reinbold
 and 
Kingston
.    

In any event, in a case such as this where a defendant is charged with two counts of leaving the scene of an accident, one count alleging property damage and the other bodily injury, 
Polen
 may well prohibit an award of restitution on the dismissed count.  However, this question is left for another day as 
Polen
 clearly indicates that a restitution order will not be limited if the defendant agrees to pay restitution or admits damages in a greater amount.  
Polen
, 
supra
, 578 N.E.2d at 576. 

Here, the record reveals that during the plea agreement hearing, J.P.B.'s attorney informed the trial court that J.P.B. agreed to admit to the allegations in Count I, in exchange for the State's agreement to "dismiss Counts #2 & 3, 
holding restitution open, for damage to Jeffrey Sunday's car
."  Record at 40 (emphasis supplied).  Thus, under the exception set forth in 
Polen
, J.P.B. clearly agreed to pay restitution or, at the least, to allow the State to attempt to prove Sunday's property damages.  

For these reasons, I concur in result.

FOOTNOTES
1:  Ind. Code § 31-37-2-1.

2:  Ind. Code § 9-26-1-8.

3:  We note that this count was charged as a Class B misdemeanor.  Pursuant to I.C. § 9-26-1-8(a), however, failing to stop and remain at the scene of an accident resulting in injury is a Class A misdemeanor.

4:  It may be noted that the traffic signal pole was struck first and that only thereafter, while defendant was fleeing the scene, were the parked cars struck.  Although arguably there were two accidents, Kingston apparently was charged with only one count of leaving the scene of an accident.  This factor, however, was not considered in the 
Kingston
 opinion.