**NURSERYLAND FOUNDATION, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–9909–CR–349.**

Court of Appeals of Indiana.

June 5, 2001.

Dock McDowell, Jr., Merrillville, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION ON REHEARING

BAKER, Judge

This case is before us on a petition for rehearing filed by the State of Indiana, requesting that we reconsider our holding in *Nurseryland Foundation v. State*, No. 45A03–9909–CR–349, 745 N.E.2d 919 (Ind. Ct.App. Mar. 21, 2001). On June 25, 1998, four-year-old Joseph Wright and a number of other children and several adults were being transported to their homes in a van owned and operated by Nurseryland, a daycare center. The driver of the van, who was intoxicated, collided with another vehicle. Joseph was killed in the accident, and other children sustained injuries. A grand jury indicted Nurseryland on two counts of Neglect of a Dependent as class B felonies, and four counts of Neglect of a Dependent as class D felonies. Each indictment contained the name of one of six individuals who were injured in the crash. Thereafter, Nurseryland pleaded guilty to the count of Neglect of a Dependent, which named Joseph as the victim. The State agreed to dismiss the remaining counts, and there was no provision regarding Nurseryland's obligation to make restitution. At the sentencing hearing, however, Nurseryland was ordered to pay a total of $233,000 in restitution regarding the medical bills of all crash victims that had been named in the indictments. Nurseryland had also been ordered to pay the funeral bills incurred by Joseph's family.

Nurseryland then appealed, challenging the restitution order. In our original unpublished memorandum decision, we relied primarily upon *Polen v. State*, 578 N.E.2d 755 (Ind.Ct.App.1991), *trans. denied*, and determined that because none of the victims involved in the motor vehicle accident were named in the count to which Nurseryland had pleaded guilty and because the plea agreement did not require Nurseryland to pay the medical expenses of those victims named in the dismissed indictments, the restitution order had to be vacated with respect to those victims. Slip op. at 5. In *Polen*, we determined that an order of restitution requiring the defendant to pay an amount greater than the sums involved in the offenses to which she had pleaded guilty was erroneous.

The State asserts that this court's decision to vacate the trial court's restitution order "is contrary to Supreme Court authority" and "the public policy suggested by the Court's conclusion is the wrong one." Petitioner's Brief in Support of Petition for Rehearing at 2–3. We now grant the State's petition for the limited purpose of clarifying our original opinion.

In support of its argument, the State directs us to *Reinbold v. State*, 555 N.E.2d 463, 470 (Ind.1990), *overruled in part on other grounds*, 658 N.E.2d 563 (Ind.1995), where our supreme court determined that the defendant, who had been convicted of voluntary manslaughter, was obligated to make restitution to the victim's survivors. In affirming that order on appeal, it was observed that restitution could be made properly payable to those who "have suffered injury, harm, or loss as a direct and immediate result of the criminal acts of a defendant." *Id.; accord Roach v. State*, 695 N.E.2d 934, 943 (Ind.1998).

Although the State maintains that the result reached in our opinion conflicts with the reasoning espoused in *Roach* and *Reinbold*, we note that the State agreed to the terms of the plea agreement here, inasmuch as Joseph Wright was the named victim of the crime to which Nurseryland pled guilty. Therefore, the trial court properly entertained his mother's testimony at sentencing with respect to funeral and medical expenses. The plea agreement in this circumstance dictates that Joseph Wright was intended as the only victim of the crime to which Nurseryland entered a guilty plea. Thus, under the terms of that agreement, Nurseryland was not responsible for the criminal conduct for which the State specifically agreed to dismiss, and that determination does not conflict with *Roach* and *Reinbold*.

We also note that the State cites to this court's opinion in *J.P.B. v. State*, 705 N.E.2d 1075 (Ind.Ct.App.1999), for the proposition that vacating the restitution order with respect to the other alleged victims was erroneous. In *J.P.B.*, a panel of this court noted that even though the juvenile defendant entered a plea of guilty to an offense resulting in personal injury in accordance with a plea agreement requiring the dismissal of certain property damage charges, the restitution order regarding such damage was proper. *Id.* at 1076. We observed that during the sentencing hearing, the defendant admitted damaging the victim's automobile. *Id.* at 1075–76. Thus, we noted that the circumstances presented in *J.P.B.* left open the possibility for payment of restitution with respect to the damages that resulted to the victim's automobile. *Id.*

Here, Nurseryland did not make admissions similar to those that occurred in *J.P.B.* Moreover, we note that the terms of the plea agreement in *J.P.B.* specifically permitted the State an opportunity to prove damages with respect to the victim's property. There was no agreement here to reserve restitution as to other individuals who suffered losses due to the events that gave rise to the criminal charges. These omissions notwithstanding, the State goes on to assert that our decision is contrary to public policy considerations because the purposes of restitution "cannot be met if the criminal defendant is not subject to restitution for all the victims of his criminal acts." Petitioner's Brief in Support of Petition for Rehearing at 4.

In response, we emphasize that the State was not constrained during the plea bargaining process in this case. The State could have added additional terms or conditions to the plea agreement which may have included payment of restitution to the other parties. It could also have requested that Nurseryland admit liability such that other parties allegedly harmed in the commission or as a consequence of Nurseryland's actions could receive restitution. The State could have included additional language in the guilty plea that would have formed a factual basis sufficient to warrant an order of restitution with respect to other victims. The State chose not to pursue any of those avenues. As a result, only Joseph Wright's family was entitled

to restitution from Nurseryland in this instance.

While the State's petition for rehearing is granted, our original opinion stands in all respects.

BROOK, J., and BARNES, J., concur.