Herb KINKEAD, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 32A05–0302–CR–79.

Court of Appeals of Indiana.

July 10, 2003.

Transfer Denied Aug. 28, 2003.

Mark A. Smith, P.C., Plainfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Herb Kinkead, pleaded guilty to two counts of Forgery as Class C felonies. Upon appeal, Kinkead presents the following two issues: (1) whether the trial court erred in ordering him to pay restitution covering damages resulting from acts to which he did not plead guilty, and (2) whether the trial court's sentencing statement was sufficient.

We affirm.

The record reveals that Kinkead had forged signatures onto payroll checks from his former employer and deposited these checks into his own personal checking account. The victim alleged that Kinkead had taken $34,351.73. On April 25, 2001, the State charged Kinkead with four counts of Forgery as Class C felonies and four counts of Theft as Class D felonies. Eventually, Kinkead agreed to plead guilty to two counts of Forgery as Class C felonies, and the State agreed to dismiss the remaining counts. Following a sentencing

hearing, the trial court sentenced Kinkead as follows: as to the first count, eight years with six years suspended; as to the second count, eight years suspended, to run consecutively to the first sentence. The trial court also ordered Kinkead to pay restitution in the amount of $31,310.26.

## I

### Restitution

Kinkead claims that trial court erred in ordering him to pay $31,310.26 in restitution in that this amount includes sums relating to crimes for which he was not convicted. The trial court has discretion in ordering restitution, and we will reverse only upon a showing of an abuse of that discretion. *J.P.B. v. State,* 705 N.E.2d 1075, 1077 (Ind.Ct.App.1999). In *Polen v. State,* 578 N.E.2d 755, 756–57 (Ind.Ct.App.1991), *trans. denied,* it was held that, absent an agreement by the defendant, a trial court may not order restitution in an amount greater than the sums involved in those crimes to which the defendant actually pleaded guilty. Here, the sum involved in the first count was $303.80, and the sum involved in the second count was $237.04, which combined for a total of $540.84 Based upon *Polen,* Kinkead argues that the amount of restitution must be limited to this amount.

The State relies upon the concurring opinion in *J.P.B.,* written by the author of this opinion. 705 N.E.2d at 1077 (Sullivan, J., concurring in result). In *J.P.B.,* the juvenile defendant was adjudicated a delinquent following an incident in which he failed to stop at the scene of an automobile accident. The vehicle driven by J.P.B. struck a vehicle driven by Jeffrey Sunday, causing damage to Sunday's vehicle and injuring the passengers inside J.P.B.'s car. As a result of this incident, the State charged J.P.B. with failing to stop at the scene of an accident resulting in personal

injury, and failing to stop at the scene of an accident resulting in property damage. Pursuant to a plea agreement, J.P.B. admitted to the count involving personal injury, but not the count involving property damage to Sunday's vehicle. The trial court accepted the plea and ordered J.P.B. to pay restitution to Sunday.

Upon appeal, J.P.B. claimed that the trial court's restitution order was erroneous in that it required him to pay restitution for a crime to which he did not plead guilty, i.e., leaving the scene of an accident resulting in property damage. The majority in *J.P.B.* disagreed, holding that the juvenile restitution statute, Ind.Code § 31–37–19–5 (Burns Code Ed. Repl.1997), permitted a trial court to order restitution in favor of the "victim," and the term "victim" is not limited to the person or entity actually subjected to the commission of the crime, but included a person who is shown to have suffered an injury, harm, or loss as a direct and immediate result of the criminal acts of the defendant. *Id.* at 1077.

This author concurred in result, noting that, by pleading guilty to driving his car and striking Sunday's vehicle, J.P.B. admitted that he had in fact struck Sunday's vehicle. *Id.* at 1078. Sunday was therefore a "victim" within the meaning of the restitution statute. *Id.* Moreover, J.P.B.'s attorney had informed the trial court that "J.P.B. agreed to admit to the allegations in Count I, in exchange for the State's agreement to 'dismiss Counts # 2 & 3, *holding restitution open, for damage to Jeffrey Sunday's car.*'" *Id.* This author therefore concluded that "under the exception set forth in *Polen,* J.P.B. clearly agreed to pay restitution or, at the least, to allow the State to attempt to prove Sunday's property damages." *Id.*

The State reads the concurring opinion in *J.P.B.* to stand for the proposition that, where the State preserves in the plea agreement the issue of restitution for property damages, the trial court is not limited by the rule set forth in *Polen.* The State's reading is overbroad. In *J.P.B.,* the defendant's attorney informed the trial court that the agreement not only left the issue of restitution open, but open for damage to Sunday's car. 705 N.E.2d at 1078. Thus, J.P.B. had agreed that restitution could cover an offense to which he had not pleaded guilty.

Here, Kinkead's plea agreement did provide that the issue of restitution was to be "argued by the parties as part of sentence." Appellant's App. at 13. This does not, as the State argues, in itself represent an agreement to pay a greater amount or admission of damages in an amount greater than that resulting from the crime to which Kinkead pleaded guilty. *See Polen,* 578 N.E.2d at 756–57. However, at the sentencing hearing, Kinkead stated, "whatever the Judge decides my restitution should be is what I, what I will ... be willing to pay." Transcript at 29. Later in the hearing, Kinkead again stated that he agreed to "whatever restitution amount that the Judge decides I should pay." *Id.* at 34. Furthermore, Kinkead introduced into evidence an exhibit which set forth the amount of restitution he claimed to owe. Defendant's Exh. A. According to Kinkead's exhibit, the value of the checks he forged was $23,908.98, and the amount of restitution he proposed was $20,291.38. *Id.* From this, it is evident that Kinkead did agree to pay restitution in an amount greater than the sums involved in the two counts to which he pleaded guilty. *See J.P.B.,* 705 N.E.2d at 1078; *Polen,* 578 N.E.2d at 756–57. Therefore, we cannot say that the trial court's restitution order is an abuse of discretion.

## II

*Sufficiency of Sentencing Statement*

Kinkead argues that the trial court's sentencing statement was insuffi-

cient to support the sentence imposed. A trial court is afforded broad discretion in determining a defendant's sentence, and we will reverse the trial court's determination only for an abuse of that discretion. *Allen v. State*, 743 N.E.2d 1222, 1236 (Ind. Ct.App.2001), *trans. denied.* When a trial court imposes a sentence other than the presumptive sentence, we examine the record to ensure that the trial court explained its reasoning for selecting the imposed sentence. *Id.* at 1237. When a trial court deviates from the statutorily prescribed presumptive sentence, it must identify all of the significant mitigating and aggravating circumstances, state the reason why it considers each circumstance to be either mitigating or aggravating, and articulate the evaluation and balancing of these circumstances to determine whether an enhanced or reduced sentence is appropriate.[1] *Id.*

 Kinkead claims that the trial court ignored significant mitigating factors. Specifically, he claims the trial court failed to consider the fact that he pleaded guilty as a mitigating factor. In *Madden v. State*, 697 N.E.2d 964, 969 (Ind.Ct.App. 1998), *trans. denied*, a panel of this court stated that "[w]hile we find that the trial court is not compelled to consider the first two alleged mitigators, the trial court is compelled to find that pleading guilty is a valid mitigator. However, the trial court is free to utilize its discretion in balancing this mitigator against any aggravator that it may find." (citation omitted). This might seem to suggest that trial courts must consider a defendant's decision to plea as a mitigating factor. However, in the case cited by the *Madden* court, *Sing-*

*er v. State*, 674 N.E.2d 11, 18 (Ind.Ct.App. 1996), the court stated:

"We also recognize that pleading guilty *may* be considered as a valid mitigating circumstance. We stress, however, that pleading guilty is but one factor to be considered by the trial court in sentencing and that the trial court has wide discretion in balancing aggravating and mitigating factors in sentencing. *See Tumulty v. State*, 666 N.E.2d 394, 396 (Ind.1996) (affirming trial court's decision to give greater weight to aggravating factors when mitigators included the defendant's youth, affection for his daughter, good conduct in jail, and the fact that he pled guilty). *If a reviewing court were to place too much emphasis on a guilty plea as a mitigator, then defendants who exercised their constitutional rights to jury trials would be precluded from benefiting from such a mitigator, and therefore, would indirectly be punished for exercising a constitutional right.*" (emphasis supplied).

Also, our Supreme Court has held that "[a] guilty plea is not automatically a significant mitigating factor." *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). Thus, considering the discretion given to trial courts on such matters, we conclude that trial courts are not obligated, in every situation, to consider a defendant's decision to plead guilty as a significant mitigating factor. *Cherry v. State*, 772 N.E.2d 433, 436–37 (Ind.Ct.App.2002), *trans. denied.*

Additionally, in consideration for Kinkead's guilty plea, the State had already dismissed the remaining counts against him. Thus, Kinkead had already received

---

1. Kinkead claims that the trial court erroneously failed to discuss the weight given to each individual aggravating and mitigating factor it found. However, he fails to support his contention with any further argument or citation to authority. We therefore decline to address it as a separate argument. *See* Ind. Appellate Rule 46(A)(8)(a); *Jackson v. State*, 758 N.E.2d 1030, 1037 (Ind.Ct.App.2001).

some benefit from his guilty plea. *See Sensback,* 720 N.E.2d at 1165. Given the evidence against him, Kinkead's decision to plead guilty may have simply been a pragmatic decision. *See Davies v. State,* 758 N.E.2d 981, 987 (Ind.Ct.App.2001), *trans. denied.* Therefore, we cannot agree with Kinkead that the trial court abused its discretion by not considering Kinkead's decision to plead guilty as a significant mitigating factor.

■ Kinkead also claims that the trial court erred in not considering a mitigating factor listed in the pre-sentence investigation report. However, the pre-sentence investigation report is only to provide information to the court; the trial court does its own evaluation of the evidence to determine the existence of mitigating factors. *Timberlake v. State,* 690 N.E.2d 243, 266 (Ind.1997), *cert. denied,* 525 U.S. 1073, 119 S.Ct. 808, 142 L.Ed.2d 668 (1999). Kinkead claims that the trial court's sentencing statement does not specifically mention the pre-sentence investigation report, and that it is therefore unclear whether the purpose of the report was fulfilled. However, as acknowledged by Kinkead in his brief, the trial court's sentencing order specifically states that the trial court did consider the pre-sentence investigation report. Furthermore, the trial court did in fact make reference to the report at the sentencing hearing. We find no error in this regard.

■ Kinkead also claims that the trial court merely repeated statutory language in stating that it was an aggravating factor that imposition of a reduced or suspended sentence would depreciate the seri-

ousness of the crime. A sentencing statement should not merely parrot phrases from the sentencing statute. *Scheckel v. State,* 655 N.E.2d 506, 509 (Ind.1995). However, when reviewing a sentencing statement, we are not limited to the written sentencing order but may examine the record as a whole to determine whether the trial court made a sufficient statement of its reasons for selecting the sentence imposed. *Newman v. State,* 719 N.E.2d 832, 839 (Ind.Ct.App.1999), *trans. denied.* Here, the sentencing order reads in part, "Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime(s).[2] Defendant repeatedly forged paychecks of 'ghost employees' over several months." Appellant's App. at 12. The sentencing statement made by the trial court goes into some detail concerning the nature of the crimes committed by Kinkead. In sum, we are satisfied that the trial court sufficiently explained its reasons for imposing an enhanced sentence.

The judgment of the trial court is affirmed.

BAKER and DARDEN, JJ., concur.

---

**2.** Kinkead makes no argument that this purported aggravator was inappropriate because the trial court was not considering imposing a sentence less than the presumptive sentence. *See Pickens v. State,* 767 N.E.2d 530 (Ind. 2002); *Berry v. State,* 703 N.E.2d 154 (Ind.

1998). Be that as it may, a trial court may utilize such as an aggravating circumstance when focusing upon imposing an enhanced sentence. *See Ajabu v. State,* 722 N.E.2d 339 (Ind.2000); *Jones v. State,* 790 N.E.2d 536 (Ind.Ct.App.2003).