**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 30 2013, 5:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JARED MICHEL THOMAS**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BIANCA MOSLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1301-CR-6 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Wayne S. Trockman, Judge
Cause No. 82D05-1111-CM-6111

**August 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Bianca Mosley appeals the trial court's order that she pay $195.00 in restitution. We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 5, 2011, Desiree Jennings was stopped at a stoplight in her vehicle when Mosley and another woman, Latara Graves, pulled up behind her, exited their vehicle, and began attacking Jennings. An hour later, Graves and Mosley went to Jennings' house and damaged the windshield, hood, and side view mirror of Jennings' vehicle.

The State charged Mosley with Class A misdemeanor battery[1] and Class B misdemeanor criminal mischief.[2] After a bench trial, the trial court found Mosley guilty of Class B misdemeanor criminal mischief. The trial court sentenced Mosley to sixty days suspended and ordered her to pay $195.00 in restitution within that time frame.

## DISCUSSION AND DECISION

Mosley argues the trial court abused its discretion when it ordered her to pay restitution of $195.00 for half of the cost to repair Jennings' vehicle. During sentencing, the trial court and counsel discussed restitution:

> [State]:     The state would simply ask that [Mosley] be required to pay that remaining half of the um Criminal Mischief damages that was done in additional because of her lack of a criminal record, we're not asking for time to be executed we would ask for a short period of time to be suspended on condition she complete sixteen hours of community service.
> [Court]:     [Mosley's counsel]
> [Defense]:   Um, Judge we would ask that there be a suspended sentence possibly sixty days on the condition she pay the other half of the restitution and that the court waive the fines and costs, she's going to school, not working,

---

[1] Ind. Code § 35-42-2-1(a)(1).
[2] Ind. Code § 35-43-1-2(a)(1).

trying to raise a child, she is indigent and um because of her schooling and her responsibilities to her child and lack of prior record, we ask that she not be required to do any community service.

(Tr. at 91.)

As Mosley agreed to pay restitution as part of her sentence, she invited any error that occurred when the court ordered her to pay restitution. Error invited by the complaining party is not reversible error. *Booher v. State*, 773 N.E.2d 814, 822 (Ind. 2002). As such, invited errors are not subject to appellate review. *Gamble v. State*, 831 N.E.2d 178, 184 (Ind. Ct. App. 2005), *trans. denied*. Thus, Mosley cannot now complain that restitution was imposed. Nor can she complain about the amount of restitution imposed when the trial court heard information about Mosley's employment and asked Mosley if she could pay $195.00 within sixty days, and she indicated she could. *See Polen v. State*, 578 N.E.2d 755, 758 (Ind. Ct. App. 1991) (asking defendant if she is able to pay is sufficient inquiry into her ability to pay restitution). Accordingly, we affirm the decision of the trial court.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.