## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2018, 9:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Peggy Campbell, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 14, 2018 <br><br> Court of Appeals Cause No. 18A-CR-1273 <br><br> Appeal from the Cass Superior Court <br><br> The Honorable James K. Muehlhausen, Judge <br><br> Trial Court Cause No. 09D01-1702-F6-77 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Peggy Campbell (Campbell), appeals from the trial court's restitution order entered following her guilty plea to exploitation of an endangered adult, a Level 6 felony, Ind. Code § 35-46-1-12(a).

We affirm in part, reverse in part, and remand with instructions.

# ISSUE

Campbell presents one issue on appeal, which we restate as: Whether the trial court abused its discretion when it ordered her to pay the victim $10,900 in restitution.

# FACTS AND PROCEDURAL HISTORY

In 2016, Campbell worked as a home health care worker providing daily living support to W.B. in W.B.'s home. W.B. was ninety-five years old and had dementia. From January 4, 2016, to November 15, 2016, Campbell and her husband cashed checks that they either wrote for W.B. to sign or had W.B. herself sign over to them.[1] Campbell cashed forty-four checks totaling $8,200. W.B.'s daughter, B.E., who lived out-of-state, visited in November of 2016 and found her mother to be living in unsanitary conditions, including a bed bug

---

[1] Campbell's husband was also criminally charged for this conduct.

infestation. B.E. also examined her mother's financial records and discovered Campbell's theft.

[5] On February 22, 2017, the State filed an Information, charging Campbell with exploitation of an endangered adult, a Level 6 felony; and neglect of a dependent, a Level 6 felony. On March 29, 2018, Campbell pleaded guilty to the exploitation charge pursuant to an agreement whereby the State dismissed the neglect of a dependent charge. While establishing a factual basis for her plea, Campbell stated that, as W.B.'s home health care worker, she was instructed not to touch W.B. Campbell's plea agreement provided that "[s]entences and restitution shall be argued." (Appellant's App. Vol. II, p. 65).

[6] The pre-sentence investigation report (PSI) filed in advance of Campbell's sentencing hearing contained a victim's questionnaire completed by B.E., who requested $10,900 in restitution. On April 24, 2018, the trial court held Campbell's sentencing hearing. The State presented evidence showing that Campbell cashed $8,200 in checks written on W.B.'s account. Campbell denied being responsible for infesting W.B.'s home with bed bugs, but she agreed to pay $8,200 in restitution. The State requested that the trial court order Campbell to pay $10,900, which consisted of the $8,200 Campbell had stolen from W.B. and $2,700 of "cleanup cost" that W.B.'s family incurred addressing the condition of her home. (Transcript Vol. II, p. 66). The trial court sentenced Campbell to 912 days, with 547 of those days suspended to probation. The trial court also ordered Campbell to pay W.B. $10,900 in restitution.

[7] Campbell now appeals. Additional facts will be added as necessary.

## DISCUSSION AND DECISION

[8] Campbell appeals from the trial court's restitution order. A restitution order lies within a trial court's discretion, and we will reverse such an order only where there has been an abuse of that discretion. *Dull v. State*, 44 N.E.3d 823, 829 (Ind. Ct. App. 2015). An abuse of the trial court's discretion occurs when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Id.*

[9] A trial court may order a defendant to make restitution to the victim based on consideration of "property damages of the victim incurred *as a result of the crime* . . . " Ind. Code § 35-50-5-3(a)(1) (emphasis added). However, absent an agreement by the defendant, a trial court may not order restitution in an amount greater than that involved in the crimes to which a defendant has pleaded guilty. *Polen v. State*, 578 N.E.2d 755, 756-58 (Ind. Ct. App. 1991), *trans. denied; see also Dull,* 44 N.E.3d at 832 (collecting cases on this principle and reversing a restitution order based partially on uncharged conduct where defendant did not agree to pay a greater amount).

[10] Here, Campbell pleaded guilty to the exploitation charge based on her theft of money from W.B. Campbell did not plead guilty to the neglect of a dependent charge, and, at her guilty plea and sentencing hearings, she denied neglecting W.B. In addition, Campbell did not agree to pay an amount of restitution greater than the $8,200 she stole from W.B. Contrary to the State's contention

on appeal, the term of Campbell's plea agreement that provided that the parties would argue restitution at sentencing did not constitute an agreement on her part to pay restitution for a crime to which she did not plead guilty. *See Kinkead v. State*, 791 N.E.2d 243, 246 (Ind. Ct. App. 2003) (holding that plea agreement term that the parties would argue restitution at sentencing was not an agreement by defendant to pay restitution amount greater than that resulting from his crime), *trans. denied.*

[11] Therefore, we conclude that the trial court abused its discretion when it ordered Campbell to pay $2,700 based on cleanup costs which were not associated with the exploitation charge to which Campbell pleaded guilty. *Polen*, 578 N.E.2d at 756-58; *Dull*, 44 N.E.3d at 832. We affirm the trial court's restitution order of $8,200 based on the exploitation charge, we reverse the trial court's restitution order of $2,700 based on cleanup costs unrelated to the exploitation charge, and we remand with instruction to the trial court to enter a corrected restitution order consistent with this opinion.

## CONCLUSION

[12] Based on the foregoing, we conclude that the trial court abused its discretion when it entered its restitution order of $10,900. We affirm the trial court's restitution order in the amount of $8,200, reverse as to the additional $2,700, and remand with instruction that the trial court enter a corrected restitution order consistent with this opinion.

[13] Affirmed in part, reversed in part, and remanded.

Kirsch, J. and Robb, J. concur