v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0404–JV–218.

Court of Appeals of Indiana.

Sept. 23, 2004.

Publication Ordered Nov. 10, 2004.

Joel M. Schumm, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Respondent, M.C., a juvenile, appeals the trial court's restitution order after an adjudication finding him to be a delinquent child for committing Count I, failure to stop after accident, Ind.Code §§ 9–26–1–1, 9–26–1–8, an act which would be a Class A misdemeanor if committed by an adult; and Count II, failure to stop after accident, I.C. §§ 9–26–1–1, 9–26–1–8, an act which would be a Class B misdemeanor if committed by an adult.

We reverse and remand.

### ISSUES

M.C. raises one issue on appeal, which we restate as follows: whether the trial court erred in ordering him to pay $7,005.60 in restitution.

### FACTS AND PROCEDURAL HISTORY

On August 16, 2003, M.C., was involved in a three-car accident at the intersection of State and Raymond in Marion County, Indianapolis, Indiana. In particular, M.C. was driving one of the vehicles that struck two other automobiles being driven by David Keen (Keen) and Jennifer Marie Keller (Keller) (collectively, "the victims"). M.C. left the scene of the accident after striking the two vehicles.

On August 18, 2003, the State filed a petition alleging that M.C. was a delinquent child for committing Count I, failure to stop after accident, I.C. §§ 9–26–1–1, 9–26–1–8, a Class A misdemeanor, if committed by an adult; and Count II, failure to stop after accident, I.C. §§ 9–26–1–1, 9–26–1–8, a Class B misdemeanor, if commit-

ted by an adult. On September 30, 2003, the State added an additional allegation of delinquency, Count III, failure to stop after accident, I.C. § 9–26–1–1, an act which would be a Class D felony, if committed by an adult. On October 22, 2003, M.C. entered into a plea agreement with the State. Pursuant to the plea agreement, M.C. admitted to committing Counts I and II. In exchange, the State agreed to dismiss Count III, and would not recommend any disposition to the trial court.

On November 13, 2003, a disposition hearing was held. At the hearing, M.C. entered an admission to the following delinquent acts: Count I, failure to stop after accident causing serious bodily injury, a Class A misdemeanor if committed by an adult; and Count II, failure to stop after accident causing property damage, a Class B misdemeanor if committed by an adult. To establish a factual basis, M.C. admitted that on August 16, 2003, he was operating a vehicle at the intersection of State and Raymond, in Marion County, Indianapolis, Indiana, and was involved in an automobile accident. M.C. further admitted to leaving the scene of the accident.

The trial court accepted M.C.'s admission, finding that there was a sufficient factual basis for the plea. Consequently, the trial court ordered M.C. committed to the Indiana Department of Correction for a recommended term of 12 months. The trial court also ordered that M.C. complete a drug and alcohol treatment program, complete individual counseling, and successfully complete a Vocational and/or GED program. The trial court then asked the State if there was any restitution in this matter. The State responded with a request that restitution remain open at that time, and the trial court agreed. M.C.'s attorney then stated, "we made no agreement asking for restitution, and if the [c]ourt wants it open the whole issue's open as far as we're concerned. Not just a matter of amount." (Transcript pp. 10–1). Thus, the trial court set a date for the restitution hearing. On February 9, 2003, a restitution hearing was held. At the conclusion of the hearing, the trial court ordered M.C. to pay $7,005.60 in restitution to the victims.

M.C. now appeals. Additional facts will be supplied as necessary.

### DISCUSSION

■ M.C. argues that the trial court abused its discretion in ordering him to pay $7,005.60 in restitution to the victims of the car accident. Specifically, M.C. alleges that the restitution order exceeds his plea agreement because the offenses he pled guilty to did not include an admission of fault for the accident or damages for injuries to the victims or their vehicles. M.C. also asserts that the trial court abused its discretion by failing to inquire into his ability to pay restitution.

Conversely, the State argues that the trial court did not abuse its discretion in ordering M.C. to pay restitution. In particular, the State contends that the trial court did not exceed the terms of the plea agreement because M.C.'s disposition was left to the discretion of the trial court. The State further claims that M.C.'s admission to Counts I and II establish that he should be held accountable for the damage to the property and for the injuries of the victims. Additionally, the State maintains that the trial court was not required to make an inquiry into M.C.'s ability to pay because the restitution order was imposed upon M.C. as part of his executed sentence.

■ An order of restitution is a matter within the trial court's discretion, and we reverse only upon a showing of abuse of that discretion. *J.P.B. v. State*, 705

N.E.2d 1075, 1077 (Ind.Ct.App.1999); *Smith v. State,* 655 N.E.2d 133, 134 (Ind. Ct.App.1995), *trans. denied.* An abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Matter of L.J.M.,* 473 N.E.2d 637, 640 (Ind.Ct.App.1985). Furthermore, our supreme court has determined that restitution may be paid to those shown to have suffered injury, harm, or loss as a direct and immediate result of the criminal acts of a defendant. *Davis v. State,* 772 N.E.2d 535, 540 (Ind.Ct.App.2002).

In this case, M.C. argues that the restitution order exceeds his plea agreement because the offenses he pled guilty to did not include an admission of fault for the accident or damages for injuries to the victims or their vehicles. Particularly, M.C. claims that the offenses he admitted to establish that he left the scene of the accident, but do not establish his fault or liability for the accident. Therefore, M.C. maintains that the trial court was not authorized to order him to pay restitution to the victims. We agree with M.C.

Indiana Code section 31–37–19–5(4) provides that a juvenile court may order a child "to pay restitution if the victim provides reasonable evidence of the victim's loss, which the child may challenge at the dispositional hearing." The "victim" is not limited to the person or entity actually subjected to the commission of the crime. *J.P.B.,* 705 N.E.2d at 1077. Rather, a "victim" also includes a person who is shown to have suffered an injury, harm or loss as a direct and immediate result of the criminal acts of a defendant. *Id.*

Pursuant to the plea agreement, M.C. admitted to the following, in pertinent part:

Count 1 Failure to stop after accident, Class A misdemeanor I.C. [§§] 9–26–1–1, 9–26–1–8

On or about the 16th day of August, 2003, said child did operate a motor vehicle, that is: 1988 chevy automobile, which struck 2 automobiles being driven by [Keen] and [Keller] which caused bodily injury. . . .

Count II Failure to stop after accident, Class B misdemeanor I.C. [§§] 9–26–1–1, 9–26–1–8

On or about the 16th day of August, 2003, said child did operate a motor vehicle, that is: chevy automobile, which struck 2 automobiles being driven by [Keen] and [Keller] which caused property damage. . . .

(Appellant's App. p. 37). At the plea agreement hearing, M.C. and his attorney had the following colloquy:

[PUBLIC DEFENDER]: I want to direct your attention back to August 6, 2003. On that day you were operating a motor vehicle on uh, at the intersection of State and Raymond in Indianapolis, Marion County, Indiana, is that correct?

[M.C.]: Yes sir.

[PUBLIC DEFENDER]: And at that time you had an automobile accident while operating that vehicle, is that correct?

[M.C.]: Yes sir.

[PUBLIC DEFENDER]: And you left the scene even though there was property damage, is that correct?

[M.C.]: Yes sir.

[PUBLIC DEFENDER]: And you left the scene even though there were bodily injuries to other passengers or people in the other cars, is that correct?

[M.C.]: Yes sir.

(Tr. pp. 8–9). Based upon this exchange, the trial court found a sufficient factual basis and adjudicated M.C. to be a delinquent child and dismissed Count III, failure to stop after accident, a Class D felony if committed by an adult.

Our review of the record reveals that M.C. admitted to two allegations: 1) failure to stop after an accident that caused property damage and 2) failure to stop after an accident that caused bodily injury. These admissions establish only that M.C. left the scene of an accident; however, they do not establish his fault or liability for the accident. Most importantly, the record is devoid of evidence of a loss suffered as a direct and immediate result of M.C.'s criminal act. This court has previously held that restitution is properly ordered payable to those shown to have suffered injury, harm or loss as a direct and immediate result of the criminal acts of the defendant. *Utley v. State*, 699 N.E.2d 723, 729 (Ind.Ct.App.1998). Here, M.C. did not admit to liability for the accident nor was he charged with any criminal acts as a result of his failure to stop after an accident. Rather, M.C. was convicted of failing to stop at the scene of an accident. Thus, it is apparent that the victims were "accident victims" and not a "victims of a crime" as contemplated by Indiana Code section 35–50–5–3. *See Utley*, 699 N.E.2d at 729 (where this court reversed a restitution order involving a failure to stop after an accident that resulted in death case because "no funeral, burial, or cremation costs were incurred by the victim's estate because [the defendant's] failure to stop at the scene of the accident"). Consequently, we conclude that the victims' injuries were not a direct and immediate result of the criminal acts to which M.C. pled guilty. *See id.*

Furthermore, our review of the record reveals that M.C. and the prosecutor did not contemplate the issue of restitution in M.C.'s plea agreement. Rather, the trial court and both parties agreed at the plea agreement hearing that the issue of whether M.C. was liable for restitution would be left open and determined in a subsequent restitution hearing. Specifically, the following colloquy occurred during the plea agreement hearing:

THE COURT: Is there any restitution?

[STATE]: Yes Your Honor. State would request that the restitution remain open at this time.

THE COURT: Okay. Will you be ready to present the amount at the disposition?

[STATE]: With regards to the restitution?

THE COURT: Yes[.]

[STATE]: Yes we will.

THE COURT: Okay[.]

[M.C.'S COUNSEL]: Judge[,] for the record we made no agreement asking for restitution, and if the [c]ourt wants it open the whole issue's open as far as we're concerned. Not just a matter of amount.

THE COURT: The whole issue. What does that mean?

[M.C.'S COUNSEL]: The issue of whether he owes restitution.

THE COURT: Oh, liability.

[M.C.'S COUNSEL]: Exactly[.]

(Transcript pp. 10–1). From this, it is evident that M.C. did not specifically agree to pay restitution to the victims.

Based upon all of the above, we find that the trial court ordered M.C. to pay restitution for an act that is not supported by the evidence. Consequently, we conclude that the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court. *See Matter of L.J.M.*, 473 N.E.2d at 640. As a result, we find that the trial court abused

its discretion in ordering M.C. to pay restitution. *See J.P.B.,* 705 N.E.2d at 1077. Accordingly, there is no need for this court to address the merits of M.C.'s last claim that the trial court erred in failing to inquire into his ability to pay restitution.

### CONCLUSION

Based upon the foregoing, we conclude that the trial court abused its discretion in ordering M.C. to pay restitution in the amount of $7,005.60.

Reversed and remanded.

CRONE, J., and VAIDIK, J., concur.

### ORDER

On September, 23, 2004, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Motion to Publish Memorandum Decision. The Appellant states this Court's opinion satisfies the criteria for publication in at least three respects:

a. Restitution issues are quite common in trial courts around the state. Several of these cases have been reversed on appeal, and this Court's opinion offers considerable guidance to counsel and trial courts for the future.

b. This Court's opinion clarifies that pleading guilty to a charge of failure to stop after and accident does not admit fault for the accident and cannot alone be the basis for a restitution order. The State's reading of cases like *Kinkead v. State,* 791 N.E.2d 243, 246 (Ind.Ct.App.2003), suggests that this clarity would be useful. *See* Br. of Appellee at 6.

c. Finally, the opinion discusses the important interplay between restitution orders and plea agreements by providing an example of a plea colloquy

that does not allow for restitution. Publication of this opinion would aid prosecutors, defense attorneys, and trial courts in confronting similar issues in the future.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish is GRANTED and this Court's opinion heretofore handed down in this cause on September 23, 2004 marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All Panel Judges concur.