**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES E. PORTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| I.M., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1101-JV-41 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Danielle P. Gaughan, Judge Pro Tempore
The Honorable Geoffrey A. Gaither, Magistrate
Cause No. 49D09-1012-JD-3365

**January 19, 2012**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**BROWN, Judge**

I.M. petitions for rehearing following our memorandum decision reversing the juvenile court's order of restitution and remanding for a new restitution hearing.  See I.M. v. State, No. 49A04-1101-JV-41, slip op. at 6-7 (Ind. Ct. App. August 9, 2011).  I.M. raises one issue which we revise and restate as whether remand is warranted for a new restitution hearing.[1]  We grant rehearing and affirm our original decision.

As mentioned in our original opinion, I.M. did not have the owner's permission to take or borrow a truck, did not know the owner, had the truck for "[p]robably a couple weeks," and drove the truck from Indianapolis to Hamilton County.  Transcript at 11.  I.M. admitted to conduct which if committed by an adult would constitute receiving stolen property as a class D felony and operating a motor vehicle without ever receiving a license as a class C misdemeanor.  At the dispositional hearing, the prosecutor mentioned that the victim claimed money for a truck storage fee, a tow fee and damage to the vehicle.  The prosecutor also argued that "there is some substantiating documentation for restitution," and mentioned some receipts, but they were not admitted into evidence.  Id. at 23.  The court's dispositional order stated that a special condition of informal probation was to pay restitution in the amount of $2,351.06.

In our original opinion, we observed that the prosecutor mentioned receipts, but these documents were not admitted into evidence and that the record does not reveal that the juvenile court examined the receipts.  Slip op. at 5.  Further, the record does not reveal evidence that the damage to the truck was the result of I.M.'s actions.  Id.  We

---

[1] The State did not file a response to I.M.'s petition.

2

concluded that the trial court abused its discretion in ordering restitution. Id. We also remanded for a new restitution hearing. Id. at 7.

The issue is whether remand is warranted for a new restitution hearing. In his petition, I.M. cites M.C. v. State, 817 N.E.2d 606 (Ind. Ct. App. 2004), and asserts that "[t]his case is on all fours with M.C." Petition for Rehearing at 2. In M.C., M.C. entered an admission to the following delinquent acts: Count I, failure to stop after accident causing serious bodily injury; and Count II, failure to stop after accident causing property damage. 817 N.E.2d at 608. The trial court accepted M.C.'s admission and ordered M.C. to pay $7,005.60 in restitution to the victims. Id. On appeal, M.C. claimed that the offenses he admitted to establish that he left the scene of the accident, but do not establish his fault or liability for the accident. Id. at 609. M.C. maintained that the trial court was not authorized to order him to pay restitution to the victims. Id. This court agreed. Id. Specifically, we held that M.C.'s admissions established only that M.C. left the scene of an accident, but did not establish his fault or liability for the accident. Id. at 610. We also observed that "[m]ost importantly, the record is devoid of evidence of a loss suffered as a direct and immediate result of M.C.'s criminal act," and that M.C. did not specifically agree to pay restitution to the victims. Id. Consequently, this court reversed and remanded. Id. at 611.

This court's initial opinion cited J.H. v. State, 950 N.E.2d 731 (Ind. Ct. App. 2011), in support of the conclusion that the trial court abused its discretion in ordering restitution and remanding for a new restitution hearing. See slip op. at 5-7. In J.H., the court held that the "'estimates' were mere speculation or conjecture and that the juvenile

3

court's order is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." 950 N.E.2d at 734. However, the court in J.H. also held: "If the State so desires, a new restitution hearing, consistent with this opinion, shall be conducted." Id. at 735. Consequently, we reaffirm our initial opinion.

For the foregoing reasons, we grant rehearing and affirm our previous decision.

BAKER, J., and KIRSCH, J., concur.