**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jun 27 2013, 7:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law Office LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NOEL STACK, | ) | |
| Appellant-Defendant, | ) | |
| vs. | ) | No. 29A02-1211-CR-951 |
| STATE OF INDIANA, | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable J. Richard Campbell, Judge
Cause No. 29D04-1109-FD-13585

**June 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

After a guilty plea, Noel Stack was convicted of theft, a Class D felony; sentenced to 730 days with 365 days suspended to probation; and ordered to pay restitution in the amount of $36,232. She now appeals, raising two issues, which we restate as: 1) whether the trial court abused its discretion by ordering her to pay restitution for items she did not plead guilty to the theft of, and 2) whether her sentence is inappropriate in light of the nature of her offense and character. Concluding there was an abuse of discretion with regard to the restitution order but that her sentence is not inappropriate, we reverse in part, affirm in part, and remand.

## Facts and Procedural History

From 2010 to 2011, the victim in this case, Brenda Myers, lived in a rental residence. During this time, she kept her expensive jewelry wrapped in tissue paper in boxes in the closet of her home. After moving, she noticed several pieces of jewelry missing and reported them stolen to the police. She told police that her friend, Stack, was one of the people who had access to her home. Police were able to find a transaction in which Stack sold a Rolex watch to a local jewelry store. The serial number on the watch Stack sold matched the serial number of the watch owned by Myers.

Stack was charged with theft, a Class D felony. The charging information alleged that Stack "did knowingly exert unauthorized control over the property of Brenda D. Myers, to wit: jewelry; with the intent to deprive said person of any part of the use or value of the property." Appellant's Appendix at 7. The probable cause affidavit discussed Myers's allegations and included a list of a number of items that were reported missing along with the evidence regarding the Rolex watch.

On September 4, 2012, the parties presented a negotiated plea agreement, under which Stack would plead guilty to the theft of the watch and would receive 730 days in the Department of Correction with 44 days executed and 686 suspended, to the trial court. The court took the plea under advisement. On October 3, another hearing was conducted, during which Myers objected to the plea agreement and stated that she believed she was entitled to the value of the remaining items beyond the watch. Ultimately, the court rejected the agreement, stating:

> Because of the disagreement over the restitution, as I said before, the defendant when she plead guilty only admitted to taking the watch; therefore, I think the Court is limited to any legal restitution ordered only for that watch which apparently was returned. Since there is a disagreement over the items were [sic] taken, the Court is going to reject the proposed plea agreement.

Transcript at 61. On October 30, Stack once again pleaded guilty to the theft. This time there was no plea agreement. After Stack entered her guilty plea, the State read a brief factual summary, similar to that in the charging information, referring to the theft of the "jewelry," and the following colloquy took place:

> The court:         Do you agree with those facts?
> Ms. Stack:         Yes, your Honor.
> [Defense Counsel]: Judge, I need to interrupt my client. I don't want her to say anything on the record that is not legally accurate.
> Ms. Stack:         (inaudible) yes your Honor. I agree to that as far as the watch.
> [Defense Counsel]: Only as to the theft of the watch.
> Ms. Stack:         Only as to the theft of the watch.

Id. at 79. The court then allowed the State to respond and counsel for the State stated: "Your Honor, I believe that is a sufficient amount for a factual basis. However, the State would ask at a future date to be able to argue that she is also culpable for the additional

pieces of jewelry and to present evidence of that." Id. The court proceeded to set the case for sentencing.

The sentencing hearing took place on November 21, during which a different judge presided over the case. Over objection from Stack, the trial court allowed the State to argue that she should be held liable for the restitution of the remaining items she allegedly took from Myers.[1] The trial court entered a judgment of conviction, sentenced Stack to 730 days in the Department of Correction with 365 days suspended to probation, and ordered her to pay restitution in the amount of $36,232. Stack now appeals. Additional facts will be provided as necessary.

Discussion and Decision

I. Restitution

A. Standard of Review

An order of restitution is a matter within the trial court's discretion, and we will only reverse the trial court's order upon a showing of abuse of that discretion. M.C. v. State, 817 N.E.2d 606, 608 (Ind. Ct. App. 2004). "An abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom." Id. at 609.

B. Restitution Order

Because Stack pleaded guilty without the benefit of a plea agreement, the trial court had the authority to order Stack to pay restitution as part of her sentence. Cf. Sinn

---

[1] Some of those items had not been specifically listed in the probable cause affidavit.

4

v. State, 693 N.E.2d 78, 80 (Ind. Ct. App. 1998) (holding that the trial court erred by ordering a defendant to pay restitution when the plea agreement contained no provision allowing for such an order). Stack argues, however, that the trial court abused its discretion by ordering her to pay restitution for items beyond the Rolex watch she pleaded guilty to the theft of. The State argues that because the charging information referred to "jewelry" and because the trial court previously rejected a plea due to the parties' dispute regarding restitution, Stack "acquiesced" to exposing herself to restitution for the other items. See Brief of Appellee at 9.

We have previously held that "absent an agreement by the defendant, a trial court may not order restitution in an amount greater than the sums involved in those crimes to which the defendant actually pleaded guilty." Kinkead v. State, 791 N.E.2d 243, 245 (Ind. Ct. App. 2003) (citing Polen v. State, 578 N.E.2d 755, 756-57 (Ind. Ct. App. 1991), trans. denied), trans. denied; see also Ind. Code § 35-50-5-3(a) ("The court shall base its restitution order upon a consideration of: (1) property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate) . . . .") (emphasis added). Here, it is apparent that Stack only pleaded guilty to the theft of the watch.[2] And to the extent Stack's guilty plea may be interpreted to have been for theft of the jewelry beyond the watch, the acceptance of the plea by the trial court violated the rule "that a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains [her] innocence at the same time." Ross v. State, 456 N.E.2d 420, 423 (Ind. 1983).

---

[2] In fact, the State does not contend that Stack pleaded guilty to the theft of anything beyond the watch, but rather that she could be ordered to pay restitution for the additional items because of the language in the charging information and the procedural history of this case.

5

Further, Stack did not enter into any agreement permitting the trial court to order restitution in an amount greater than the sum involved in the theft of the watch. The State's argument that Stack's plea served as a "tacit agreement" fails. See Br. of Appellee at 9. In addition to stating that she agreed with the factual basis read by the State "[o]nly as to the theft of the watch," tr. at 79, her counsel objected vehemently during her sentencing hearing to the admission of any evidence regarding the other items. This is in contrast to the case of Kinkead, where the defendant stated at his sentencing hearing, more than once, that he would be willing to pay whatever the judge decided his restitution to be and this court therefore found that he had agreed to pay an amount greater than the sums involved in the two counts he pleaded guilty to. 791 N.E.2d at 246.

And while the State now claims that by entering a guilty plea after the trial court rejected her first plea due to the dispute regarding the restitution, Stack invited any error, the same can be said of the State. After Stack stated that she agreed "[o]nly as to the theft of the watch," the State responded by stating, "Your Honor, I believe that is a sufficient amount for a factual basis. However, the State would ask at a future date to be able to argue that she is also culpable for the additional pieces of jewelry and to present evidence of that."[3] Tr. at 79. The State cannot agree to the entry of a guilty plea on one act and then argue culpability for other acts at sentencing merely to avoid the rigors of a trial. Nor is the State correct that it was within the trial court's discretion to find that Stack had taken the other items. The State bears the burden of proving beyond a reasonable doubt "every fact necessary to constitute the crime with which [the defendant] is charged." See

---

[3] The State contends that the trial court allowed the State to so argue. As noted above, however, it was a different judge who ultimately presided over the sentencing hearing, allowed the State to present the evidence regarding the other items, and issued the restitution order.

6

In re Winship, 397 U.S. 358, 364 (1970). The State does not contend that it met this burden with regard to the other items nor did the trial court find that it did.[4] And while Stack waived her right to having the State prove her guilt beyond a reasonable doubt by pleading guilty, her plea was only as to the theft of the watch.

In sum, because Stack did not plead guilty to the theft of the jewelry other than the watch, and because she did not agree to pay restitution for those items, the trial court abused its discretion by ordering her to do so. We therefore reverse the trial court's restitution order. Because the trial court could only order Stack to pay restitution for the watch and the watch was returned to the victim,[5] there is no need for a new restitution hearing and we remand with instructions to the trial court to vacate its restitution order. See Iltzsch v. State, 981 N.E.2d 55, 57 (Ind. 2013) (remanding the case to the trial court to conduct a new restitution hearing because the evidence supporting the victim's property loss was insufficient but distinguishing a case where there would have been no reason for a new restitution hearing).

---

[4] The trial court found "that the evidence as presented would support the finding of that [sic] Ms. Stack also took those additional items," tr. at 133, but it did not state which standard of proof it believed the State had satisfied with regard to those items. And while the court correctly noted that the evidence supporting the amount of loss sustained by the victim is sufficient if it affords a reasonable basis for estimating loss and is not based on mere speculation or conjecture, see Iltzsch v. State, 972 N.E.2d 409, 412 (Ind. Ct. App. 2012), summarily aff'd on this ground by 981 N.E.2d 55, 57 (Ind. 2013), this standard of proof falls below that of beyond a reasonable doubt.

[5] The trial court's restitution order was in the amount of $36,232, which was the total value of a list of items, including the watch, minus the "insurance proceeds and items recovered." See Appellant's App. at 98. Both the State and Myers conceded at the sentencing hearing that the Rolex watch had been recovered and the trial court therefore deducted its value from the total.

## II. Inappropriate Sentence

### A. Standard of Review

This court has the authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). With regard to the "nature of the offense" portion of inappropriate sentence review, the advisory sentence is the starting point. Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). The "character of the offender" portion of the sentence review involves consideration of the aggravating and mitigating circumstances and general considerations. Clara v. State, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden of persuading this court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

### B. Nature of Stack's Offense and Character

The sentencing range for a Class D felony is between six months and three years, with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7(a). Stack was sentenced to 730 days, or two years, imprisonment with 365 days suspended to probation. She argues her sentence is inappropriate in light of the nature of her offense and character. We disagree.

8

Regarding the nature of her offense, we note that her offense was more egregious than a garden-variety theft as Stack obtained the watch from the home of a close friend. Indeed, the trial court found as an aggravating factor that Stack was in a position of trust with the victim and violated that trust. Moreover, with regard to her character, Stack has a history of criminal behavior. While she dismisses this history as "minor," we note that Stack was previously convicted in New Jersey of theft by deception and was also convicted of using a friend's credit card without authorization after committing the crime that is the subject of this opinion. Both convictions were for property related offenses similar in nature to the current offence. See Prickett v. State, 856 N.E.2d 1203, 1209 (Ind. 2006) (noting that the significance of a defendant's prior criminal history depends on the gravity, nature, and number of prior offenses as they relate to the current offense). Moreover, Stack was sentenced to three years of probation for her theft conviction in New Jersey, which demonstrates that a past attempt at rehabilitation had failed. And while Stack pleaded guilty, her decision to do so may have been merely pragmatic because of the strength of the evidence against her.[6] See Amalfitano v. State, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011) ("A guilty plea is not necessarily a mitigating factor . . . where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic."), trans. denied. In sum, in light of the nature of her offense and character, we do not find Stack's two year sentence— higher than the advisory sentence but lower than the maximum—inappropriate.

---

[6] Indeed, the watch had been recovered and was returned to Myers.

9

Conclusion

The trial court abused its discretion by ordering Stack to pay restitution for items she did not plead guilty to the theft of. However, Stack's sentence is not inappropriate in light of the nature of her offense and character. Thus, we affirm Stack's sentence, but reverse the trial court's restitution order and remand with instructions to vacate the order.

Reversed in part, affirmed in part, and remanded.

FRIEDLANDER, J., and CRONE, J., concur.