**Patrick KOPAS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 56A04–9802–CR–106.

Court of Appeals of Indiana.

Oct. 2, 1998.

Ray L. Szarmach, Szarmach & Fernandez, Merrillville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Patrick Kopas ("Kopas") appeals following his convictions for operating a vehicle with a blood alcohol content of .10% or above, a Class C misdemeanor, and operating a vehicle with a blood alcohol content of .10% or above while having a prior conviction of operating while intoxicated in the last five years, a Class D felony.

We affirm in part, reverse in part and remand.

### ISSUES

Two issues are raised for our review, which we restate as:

    1. Whether the State presented sufficient evidence to support Kopas' conviction for operating a vehicle with a BAC of .10% or above.

    2. Whether the trial court erred in ordering Kopas to pay $1,000.00 to the Newton County Prosecuting Attorney Council ("NCPAC").[1]

### FACTS AND PROCEDURAL HISTORY

On July 19, 1996, Indiana State Police Trooper Mark Day observed a vehicle, driven by Kopas, weaving, going into another lane without signaling, and veering off the right side of the road. Trooper Day stopped the vehicle for unsafe movement. When he approached Kopas, Trooper Day smelled an odor of alcohol and noticed that Kopas' speech was slurred. Day also observed two open beer cans wedged in the front seat of· the car, and a six pack ring with only one beer remaining on it. Kopas told Day that he had had three or four beers while at a racing event and "a few more" on the way home. Day also noticed that Kopas was walking unsteadily. Believing from these observations that Kopas was intoxicated, Day drove Kopas to the Newton County Jail. There Day, a certified breath test operator, used a BAC Datamaster to administer a breath test, which showed that Kopas had a blood alcohol content of .11%.

Following these events, Kopas was convicted of operating a vehicle with a blood alcohol content of .10% or above, and of operating a vehicle with a blood alcohol content of .10% or above while having a prior conviction of operating while intoxicated in the last five years. The sentencing order included in part costs of $1,000.00, payable by Kopas to the NCPAC. Kopas now challenges both the sufficiency of evidence on the issue of his blood alcohol content and the imposition of fees payable to the NCPAC.

### DISCUSSION AND DECISION

#### I. Sufficiency of the Evidence

Kopas first contends that the State failed to present sufficient evidence to support his conviction for operating a vehicle with a blood alcohol content of .10% or above. Specifically, Kopas argues that the State failed to present substantial, probative evidence that his blood alcohol content was .10% or above. We disagree.

When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of the witnesses, and we consider only the evidence most favorable to the verdict along with all reasonable inferences to be drawn therefrom. *Davenport v. State*, 689 N.E.2d 1226, 1230 (Ind.1997). If substantial evidence of probative value exists from which the trier of fact could find guilt beyond a reasonable doubt, we will affirm. *Newman v. State*, 677 N.E.2d 590, 593 (Ind.Ct.App.1997).

Indiana Code § 9–30–5–1(a) provides that any person who "operates a vehicle with at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood commits a Class C misdemeanor." In the case before us, Trooper Day testified that he stopped Kopas' vehicle after Day had observed Kopas weaving, going into another lane without signaling, and driving off the right side of the road. Day further testified that he smelled alcohol on Kopas' breath, saw

---

**1.** Kopas also challenges the trial court's order that he pay the costs of the jury. However, the trial court rescinded that order and we therefore need not address the issue here.

in Kopas' car two open beer cans and a six pack ring with only one beer left on it, and observed that Kopas' speech was slurred and his balance was unsteady. In addition, Day testified that Kopas stated that he had had three or four beers at the races and that he had had a few more on the way home. Day testified that he transported Kopas to the Newton County Jail and used a BAC Datamaster to administer a breath test, following prescribed procedures. Less than an hour after Kopas had been stopped by Day, the test results showed that his blood alcohol content was .11%. We conclude that this evidence supports Kopas' conviction for operating a vehicle with a blood alcohol content of .10% or above.[2]

Kopas argues, however, that testimony regarding "partition ratios", including the State's failure to present evidence establishing Kopas' individual partition ratio, as well as testimony regarding ascending and descending levels of alcohol in the blood renders the above considerations insufficient. Kopas provides no authority for this argument, but rather invites us to reweigh the evidence. This we are unwilling to do. It is the function of the trier of fact to resolve conflicts in the testimony and to determine the weight of the evidence and the credibility of the witnesses, *McLean v. State*, 638 N.E.2d 1344, 1348 (Ind.Ct.App.1994), and we will not usurp their authority here.

## II. *Assessment of costs*

Kopas also challenges as improper the portion of the trial court's sentencing order which requires him to pay $1,000.00 to the NCPAC. We agree.

■ IND.CODE § 33–19–5–1 lists the various fees which may be collected from a defendant in a criminal action resulting in a felony or misdemeanor conviction. The statute provides that such defendants shall be required to pay a criminal costs fee of $120.00, and may be required to pay one or more of the other specified fees. The statute does not, however, grant the trial court the authority to assess fees payable to the NCPAC.

■ Nor can such fees be considered restitution. A defendant may be required to make restitution for property damages incurred by a victim as a result of his crime. I.C. 35–50–5–3(a)(1). A state entity may be considered a "victim" under this statute. *Hendrickson v. State*, 690 N.E.2d 765, 768 (Ind.Ct.App.1998). In *Hendrickson*, we upheld a trial court's order that the defendant, a convicted drug dealer, pay restitution to the United Drug Task Force (UDTF). In that case, as a result of the defendant's drug sales, the UDTF had lost several hundred dollars through transactions between a confidential informant and the defendant. We concluded that reimbursement by the defendant properly "advances Indiana's public policy of ensuring that victims are reimbursed and defendants are prevented from being unjustly enriched by their criminal acts." *Id.*[3]

In the instant case, there is no evidence or other explanation of the nature or function of the NCPAC, nor is there evidence that the NCPAC was damaged in any way, as required by the restitution statute. IND.CODE § 35–50–5–3(a)(1) (restitution order shall be based, in part, upon property damages to the victim). Furthermore, no evidence or argument is presented suggesting that the NCPAC is a victim in this case. Finally, unlike the defendant in *Hendrickson*, who received a monetary benefit from his crime of illegal drug dealing, Kopas received no such unjust enrichment from his crime of operating a vehicle with a BAC of .10 percent or above.

Based on the above considerations, we find that the trial court's order of costs payable to the NCPAC is unsupported by statute and is therefore improper. Accordingly, we reverse the trial court's order that Kopas pay $1,000.00 to the NCPAC and remand with

---

2. See *English v. State*, 603 N.E.2d 161 (Ind.Ct. App.1992) (evidence was sufficient to support defendant's conviction where a breath test properly administered forty-five minutes after the stop showed the defendant's BAC was .10%.)

3. See also *Kingston v. State*, 479 N.E.2d 1356, 1359 (Ind.Ct.App.1985), in which this court upheld a trial court's order that a defendant who had left the scene of an accident which had damaged the highway pay restitution to the State Highway Department.

instructions to vacate that portion of his sentence.

Affirmed in part, reversed in part and remanded.

RUCKER and GARRARD, JJ., concur.