## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 25 2017, 8:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John R. Watkins
Arata Law Firm
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John D. Anders,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 25, 2017

Court of Appeals Case No.
17A05-1611-CR-2634

Appeal from the DeKalb Superior Court

The Honorable George E. Brown, Senior Judge

Trial Court Cause No.
17D01-1604-CM-271

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, John Anders was convicted of operating a vehicle with an alcohol concentration equivalent ("ACE") greater than .08, a Class C misdemeanor. Anders appeals his conviction, raising three issues for our review, which we consolidate and restate as: 1) whether the trial court abused its discretion in admitting and excluding certain evidence, and 2) whether the trial court abused its discretion in instructing the jury. Concluding the trial court neither abused its discretion in admitting and excluding evidence nor in instructing the jury, we affirm.

# Facts and Procedural History

[2] In the early afternoon of April 15, 2016, Dekalb County Sheriff Deputy Courtney Fuller approached Anders after he parked in a school parking lot. Deputy Fuller observed an open beer container in the middle console of Anders' vehicle and a case of beer in the passenger seat. Deputy Fuller also recognized an odor of alcohol coming from Anders' breath. Anders admitted to having a few drinks and claimed he only stopped at the school to urinate. Deputy Fuller then transported Anders to the county jail for a breath test.

[3] Deputy Rick Short administered the breath test to Anders. Anders did not blow hard enough during the first test. Deputy Short then instructed Anders to "blow like a motherf***er" and twice re-administered the test. Transcript at 91.

The results of the two subsequent tests indicate Anders' ACE was approximately .11.

[4] On April 21, 2016, the State charged Anders with operating a vehicle with an ACE greater than .08, a Class C misdemeanor. During trial, the trial court admitted evidence of Anders' breath test results over his objection. In addition, Anders sought to introduce evidence showing he was not impaired. The State objected on relevancy grounds, which the trial court sustained. A jury found Anders guilty as charged. This appeal ensued. Additional facts will be added as necessary.

# Discussion and Decision

## I. Admission and Exclusion of Evidence

### A. Standard of Review

[5] The admission or exclusion of evidence falls within the sound discretion of the trial court and we therefore review a trial court's determination as to the admissibility of evidence for an abuse of discretion. *Swingley v. State*, 739 N.E.2d 132, 133 (Ind. 2000). A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstance before the court. *Johnson v. State*, 70 N.E.3d 890, 895-96 (Ind. Ct. App. 2017), *trans. pending*.

# B. Breath Test Results

Anders contends the trial court abused its discretion in admitting evidence of his breath test results. Specifically, he claims Deputy Short did not follow approved techniques for administering the tests when explaining he needed to "blow like a motherf\*\*\*er[,]" tr. at 91, and therefore the State failed to meet its burden of establishing a proper foundation to admit the results of the test into evidence. We disagree.

> Results of chemical breath tests are not admissible if the test operator, test equipment, chemicals used in the test, or techniques used in the test have not been approved in accordance with the rules adopted by the Department of Toxicology. Ind. Code § 9-30-6-5(d). The admission of chemical breath test results is left to the sound discretion of the trial court and will be reviewed for an abuse of discretion. Because the State is the party offering the results of the breath test, it has the burden of establishing the foundation for admitting the results. Therefore, the State must set forth the proper procedure for administering a chemical breath test and show that the operator followed that procedure.

*Fields v. State*, 807 N.E.2d 106, 109 (Ind. Ct. App. 2004) (internal citations omitted), *trans. denied*. The procedure for administering a chemical breath test, as promulgated by the Department of Toxicology in the Indiana Administrative Code, provides in relevant part, "STEP TEN: When 'Please blow' appears on the instrument display, place a new mouthpiece in the breath tube. *Instruct the subject to deliver a breath sample*. Remove mouthpiece when prompted by the

instrument display and discard." 260 Ind. Admin. Code 2-4-2(a) (emphasis added).

[8] Here, Deputy Short explained the testing procedures to Anders, and when Anders did not blow sufficiently, Deputy Short further instructed him to "blow like a motherf***er." Tr. at 91. Thus, although this may have been a rather vulgar way of instructing Anders, Deputy Short's explanation satisfied the procedures promulgated by the Department of Toxicology by instructing Anders to deliver a breath sample.[1] We conclude the trial court did not abuse its discretion in admitting evidence of Anders' breath test results.

## C. Impairment Evidence

[9] Anders also challenges the trial court's decision to exclude evidence he claims shows he was not impaired. Specifically, he claims such evidence is relevant, and in the alternative, the State opened the door for the admission of such evidence. We disagree.

[10] Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Ind. Evidence Rule 401. Here, the State charged

---

[1] Anders' argument relies heavily on the Indiana State Department of Toxicology Manual, which instructs police officers to explain to individuals taking a breath test to take a deep breath, tightly purse their lips around the test tube, and blow long and steady until the officer stops them. However, this specific instruction contained within the manual does not appear to be promulgated into any rules of law. This claim fails.

Anders with operating a motor vehicle with an ACE greater than .08 pursuant to Indiana Code section 9-30-5-1(a), which provides,

> A person who operates a vehicle with an alcohol concentration
> equivalent to at least eight-hundredths (.08) gram of alcohol but
> less than fifteen-hundredths (0.15) gram of alcohol per:
> (1) one hundred (100) milliliters of the person's blood; or
> (2) two hundred (210) liters of the person's breath;
> commits a Class C misdemeanor.

Despite there being no requirement the State prove Anders was impaired in order to secure a conviction under this section, Anders contends evidence pertaining to his impairment is relevant. First, he cites to multiple cases where we addressed convictions for driving with an illegal ACE and noted evidence showing the defendant was impaired. *See Fields*, 807 N.E.2d at 113-14; *Disbro v. State*, 791 N.E.2d 774, 776 (Ind. Ct. App. 2003), *trans. denied*; *Kopas v. State*, 699 N.E.2d 1193, 1194-95 (Ind. Ct. App. 1998). However, contrary to Anders' assertion, we did not hold in any of the cases cited by him that evidence of impairment, or lack thereof, is relevant to the offense of driving with an illegal ACE as a matter of law. In addition, we agree with the State that Anders was only charged and convicted of driving with an illegal ACE, not driving while intoxicated.[2] Thus, the issue of Anders' impairment was not of consequence in

---

[2] We further note Anders also argues evidence of his lack of impairment was relevant to the proceedings because such evidence would have the effect of diminishing the probative value of his breath test results. Stated differently, Anders alleges the introduction of this evidence would allow him to attack the credibility of the breath test. In support, he cites a 1983 Arizona Supreme Court Case holding evidence of a defendant's sobriety may be relevant to the jury's determination of whether the breath test results were an accurate measure of the defendant's ACE at the time of the offense. *Fuenning v. Superior Court*, 680 P.2d 121, 132

determining the action. *See* Evid. R. 401. We conclude the trial court's decision to exclude the evidence on relevancy grounds was not clearly against the logic and effect of the facts and circumstances of the case.[3]

[11] Nonetheless, we further observe,

> Indiana courts have long recognized that otherwise inadmissible evidence may become admissible if a party opens the door to questioning on that evidence in order to correct a deceptively incomplete disclosure. In order for this to occur, the party opening the door must leave the trier of fact with a false or misleading impression of the facts related.

*Valdez v. State*, 56 N.E.3d 1244, 1249 (Ind. Ct. App. 2016) (citations omitted), *trans. denied*. Anders contends the State opened the door to evidence of his lack of impairment when it elicited testimony from Deputy Fuller showing Anders was in possession of an open beer and a case of beer, Anders smelled of alcohol, and Anders admitted to having a couple drinks. We disagree, however, the State's evidence left the jury with a false or misleading impression of the facts related. Rather, the State's evidence of impairment was not at issue and such evidence merely established a timeline of events leading up to Deputy Short administering multiple breath tests to Anders, tests which ultimately provided

---

(Ariz. 1983). In addition, he cites to a 2015 California Supreme Court Case holding evidence of impairment may be relevant and circumstantial evidence used to bolster the results of a breath test. *See Coffey v. Shiomoto*, 345 P.3d 896, 907 (Cal. 2015). However, Anders does not cite to any Indiana authority holding the same and we decline Anders' invitation for us to do so today.

[3] For this reason, Anders' claim that the trial court's decision abridged his right to provide a complete defense also fails. *See* Evid. R. 402 ("Irrelevant evidence is not admissible.").

the evidence sufficient to establish Anders operated a vehicle with an ACE greater than .08. We conclude the trial court did not abuse its discretion in excluding evidence of Anders' lack of impairment.[4]

# II. Jury Instructions

[12] Anders contends the trial court abused its discretion in instructing the jury. Again, we disagree.

> The purpose of a jury instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. We review a trial court's instructions to the jury for an abuse of discretion. An abuse of discretion arises when the instruction is erroneous and the instructions taken as a whole misstate the law or otherwise mislead the jury. When evaluating the jury instructions on appeal this Court looks to whether the tendered instructions correctly state the law, whether there is evidence in the record to support giving the instruction, and whether the substance of the proffered instruction is covered by other instructions.

*Isom v. State*, 31 N.E.3d 469, 484-85 (Ind. 2015) (citations and internal quotation marks omitted), *cert. denied*, 136 S.Ct. 1161 (2016).

[13] Here, the State charged and Anders was convicted pursuant to Indiana Code section 9-30-5-1(a), which provides a person who drives with an ACE greater

---

[4] Although we see no error, we take this opportunity to note any error in the exclusion of Anders' evidence was harmless. As noted above, the State need only prove Anders drove with an ACE greater than .08 and the admission of Anders' breath test results was sufficient to convict him.

than .08 commits a Class C misdemeanor. In addition, Indiana Code section 9-30-6-15(b) states,

> If, in a prosecution for an offense under IC 9-30-5, evidence establishes that:
> > (1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and
> > (2) the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol. . .
> the trier of fact shall presume that the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) . . . at the time the person operated the vehicle. However, this presumption is rebuttable.

[14] During trial, the State submitted evidence that Deputy Short administered a breath test to Anders within the time allowed, see Ind. Code § 9-30-6-2(c), and Anders' ACE was greater than .08. The trial court then instructed the jury as follows:

> Before you may convict the Defendant, the State must have proved each of the following elements beyond a reasonable doubt:
> > 1. The Defendant, John D. Anders,
> > 2. operated a vehicle
> > 3. with an alcohol concentration equivalent to at least eight-hundredths (0.08) . . . .
> If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of Operating a Vehicle With an Unlawful Alcohol Concentration in Blood or Breath, a Class C Misdemeanor.

(a) If you make the following three findings:
> (1) a chemical test was performed on a test sample taken from the Defendant; and
> (2) the chemical test was performed within three hours of the Defendant's alleged operation of a motor vehicle; and
> (3) *the test results indicated that the Defendant had an alcohol concentration of at least eight-hundredths (0.08) . . .*

then

> (b) you may infer that the Defendant had an alcohol concentration of at least eight-hundredths (0.08) . . . at the time the Defendant is alleged to have operated the motor vehicle.

If you do make the findings (1) though (3) listed above under subpart (a), however, the law does not require you to make the inference of an alcohol concentration of at least eight-hundredths (0.08) . . . at the time the Defendant is alleged to have operated the motor vehicle. You are free to accept the inference or reject it.

Appendix to Brief of Appellant, Volume 2 at 79-80 (emphasis added).

[15] On appeal, Anders takes issue with the portion of the instruction emphasized above. Specifically, he claims this portion departs from Indiana Code sections 9-30-5-1(a) and (b) and had the effect of "reliev[ing] the State of its burden to prove unlawful [ACE] at the time of *testing*." Reply Brief of Appellant at 7. He further explains,

> The trial court's instruction states that if 'results indicate' an unlawful [ACE] at the time of testing, then the jury may presume an unlawful [ACE] at the time of operation. On the other hand, the statute says that if the person charged with the offense 'had'

> an unlawful [ACE] at the time of testing, then unlawful [ACE] at the time of operation shall be presumed.

Amended Brief of Appellant at 20. However, the final instructions plainly provide the jury, upon finding a breath test occurred within three hours of Anders' operation of the vehicle and test results show Anders' ACE was greater than 0.08, the right to "infer that the Defendant had an alcohol concentration of at least eight-hundredths (.08) . . . of his breath *at the time the Defendant is alleged to have operated the motor vehicle*." App., Vol. 2 at 80 (emphasis added). Thus, we cannot accept Anders' assertion that the instructions relieve the State of the obligation to meet its burden of proving he drove with an ACE greater than .08. The trial court did not abuse its discretion in instructing the jury.

# Conclusion

[16] The trial court did not abuse its discretion in admitting evidence of Anders' breath results, excluding evidence of his lack of impairment, or in instructing the jury. Accordingly, we affirm.

[17] Affirmed.

Vaidik, C.J., and Bailey, J., concur.